UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRUMP MEDIA & TECHNOLOGY
GROUP CORP. (f/k/a Digital World
Acquisition Corp.) and TMTG SUB INC.,

    Plaintiffs,

v.

ARC GLOBAL INVESTMENTS II LLC,
PATRICK ORLANDO, UNITED
ATLANTIC VENTURES LLC,
ANDREW LITINSKY, and
WESLEY MOSS,

    Defendants.

Case No. _____

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 and § 1446, Defendants ARC Global Investments II LLC ("**ARC II**") and Patrick Orlando ("**Orlando**") hereby give notice of their removal of this action, and all claims and causes of action therein, from the Circuit Court for the 12th Judicial Circuit in and for Sarasota County, Florida to the United States District Court for the Middle District of Florida, Tampa Division. All Defendants consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A). The Second Amended Complaint filed in the Florida state court action, *Trump Media & Technology Group Corp., et al. v. ARC Global Investments II LLC, et al.*, No. 2024-CA-001061 (12th Jud. Cir., Sarasota Cty., Fla.) (the "Florida State Court

1

Action"), is attached at <u>Ex. A</u> hereto, along with "a legible copy of each paper docketed in the state court," M.D. Fla. Local R. 1.06(b), Composite <u>Ex. B</u> hereto.

Defendants ARC II and Orlando make a limited appearance for removal only and no other purpose, and they reserve all available rights, claims, and defenses, including but limited to defenses of lack of venue, forum non conveniens, and rights to transfer this action.

### I. Statement of Jurisdiction

1. This is a civil action arising under the Constitution, laws, or treaties of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331. This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 for the reasons set forth below.

### II. The Removed Case

2. Digital World Acquisition Corp. ("**DWAC**") is a special purpose acquisition company, a publicly traded company that raises money via an initial public offering with the sole purpose of combining with another private company. It is incorporated in Delaware, with a principal place of business in Miami-Dade County.

3. ARC II is DWAC's "sponsor," the entity that provides initial capital and in exchange for a percentage of Class B "founder shares." ARC II is a limited

liability company formed in Delaware with its principal place of business in Miami-Dade County.

4. Orlando is ARC II's principal and managing member and DWAC's former chairman, director, and chief financial officer. Orlando resides in Miami-Dade County.

5. DWAC and ARC II entered into a Merger Agreement in October 2021 with the then-private Trump Media & Technology Group, Corp. ("**TMTG**"), the operator of the social media platform Truth Social.

6. Orlando was removed as DWAC's CEO in March 2023. Disagreements ensued over calculating the conversion ratio of Class B to Class A shares upon a merger.

7. On February 26, 2024, ARC II's counsel sent DWAC's then-lawyer a draft complaint against DWAC and others to be filed in the Chancery Court of Delaware that day unless DWAC stipulated to ARC II's conversion ratio calculation.

8. On February 27, 2024, after pleading with ARC II's counsel to postpone filing the Delaware complaint until the parties could talk settlement, DWAC hurriedly filed the State Court Action against ARC II and Orlando in Sarasota County, Florida, asking for a declaration that DWAC's conversion ratio was correct.

9. The complaint accused ARC II and Orlando of supposedly "attempt[ing] to kill the merger in its entirety by preventing a necessary closing condition—unless DWAC agreed to a series of unconscionable demands."

10. TMTG and DWAC (together "**Trump Media**") alleged two counts of tortious interference with the Merger Agreement and for alleged "conspiracy to tortiously interfere" with the Merger Agreement. The Merger Agreement, incorporated in the Complaint by reference, contains an arbitration clause, a choice of law provision making New York the governing law, and a mandatory forum selection clause, providing that "all Actions arising out of or relating to this Agreement shall be heard and determined exclusively in any state or federal court located in New York, New York[.]"

11. DWAC by itself separately alleged breaches of the fiduciary duty of loyalty and care against ARC II and Orlando. The complaint alleged Orlando had made TMTG a predetermined merger target in alleged violation of SEC "blank check company" regulations. DWAC sought to recover an $18 million fine it paid the SEC in a settlement, plus alleged legal expenses arising from SEC and Department of Justice investigations.

12. ARC II filed its complaint in the Delaware Chancery Court and the Delaware court held a hearing on ARC II's motion to expedite the case on March 5, 2024.

13. On March 8, 2024, Trump Media voluntarily dismissed the declaratory relief claim on the conversion ratio under DWAC's Charter from the Florida Action.

14. On March 17, 2024, Trump Media filed an amended complaint against ARC II and Orlando in the Florida Action. The sole alleged count by TMTG was an alleged violation of the Florida Deceptive and Unfair Trade Practices Act ("**FDUTPA**"), against ARC II and Orlando (count V). DWAC alleged breaches of fiduciary duties of loyalty and care and conversion against Orlando (counts I, II, III); and aiding and abetting breaches of fiduciary duty by DWAC against ARC II (count IV).

15. TMTG and DWAC merged on March 25, 2024, with the now publicly traded TMTG becoming the resulting company.

16. ARC II and Orlando moved to dismiss the amended complaint in the Florida Action asserting (1) venue was improper in Sarasota County, Florida, and the Court should otherwise transfer the case to Miami-Dade County; (2) the Court should stay the case pending ARC II's Delaware action under the principle of priority doctrine; (3) the forum non conveniens doctrine required litigation to take place in Delaware, and (4) no cause of action was plausibly pleaded.

17. On July 10, 2024, the trial court denied ARC II and Orlando's motion to dismiss from the bench after a hearing.

18. ARC II and Orlando appealed the venue and forum non conveniens rulings to the Second District Court of Appeal of Florida, pursuant to the appellate court's nonfinal order jurisdiction. ARC II and Orlando then moved to stay the trial court proceedings pending the appeal.

19. On July 17, 2024, the SEC filed a civil enforcement action against Orlando alleging he violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5(b) by allegedly making false statements in a S-1 filing with the SEC before DWAC's initial public offering ("IPO"). *SEC v. Patrick Orlando*, No. 1:24-Cv-2097 (D.D.C.).

20. On July 31, 2024, Trump Media filed a motion for leave to file a Second Amended Complaint.

21. Trump Media argued in their motion that they sought to assert "new claims and allegations." The "new claims and allegations" took two forms. First, Trump Media added UAV, Litinsky, and Moss as party Defendants.

22. Second, Trump Media attached and incorporated wholesale the SEC's complaint in the enforcement action Orlando. In particular, Trump Media added new allegations that Orlando had made materially false statements in connection with DWAC's IPO in violation of § 10(b) of the Exchange Act and Rule 10b-5. The proposed Second Amended Complaint incorporated the detailed paragraphs alleging

the Rule 10b-5 claim into its breach of fiduciary duty and FDUTPA counts against ARC II and Orlando.

23. ARC II and Orlando opposed the motion for leave to amend.

24. At a hearing on August 30, 2024, the trial court denied ARC II and Orlando's motion to stay the case pending the appeal and granted Trump Media's motion for leave to amend and file the Second Amended Complaint.

25. Trump Media filed the Second Amended Complaint on September 3, 2024.

### III. This Notice is Timely

26. Defendants timely file this notice under 28 U.S.C. § 1446(b)(3), which provides,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading … from which it may first be ascertained that the case is one which is or has become removable.

27. The alleged case stated by Trump Media's initial pleading and amended complaint was not removable.

28. Though the pleadings made references to an SEC investigation into alleged premeditated targeting conduct by Orlando, Trump Media had no private cause of action of remedy under the SEC's targeting regulations, and there was no suggestion Trump Media was suing under a private Rule 10b-5 securities fraud

claim. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 817 (1986) (holding "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation" is not removable pursuant to "arising under" jurisdiction).

29. The first time ARC II and Orlando could ascertain that the case was or had become removable was when Trump Media incorporated the SEC's civil complaint against Orlando into the Second Amended Complaint and explicitly alleged securities fraud against ARC II and Orlando in violation of § 10(b) of the Exchange Act and Rule 10b-5.

30. The triggering event for the 30-day removal period under § 1446(b)(3) is the day on which the state court grants the motion for leave to amend and deems the amended complaint filed. *See, e.g.*, *Bollinger v. State Farm Auto. Ins. Co.*, 538 Fed. Appx. 857, 862-64 (11th Cir. 2013) (holding removal timely when notice of removal was filed "fewer than 30 days after Bollinger's second amended complaint was deemed filed by the state court," though the amended complaint was attached to a motion for leave to amend filed months earlier).

31. In this case, the trial court granted Trump Media's motion for leave to amend on August 30, 2024, and instructed that the Second Amended Complaint be filed. Trump Media filed and served the Second Amended Complaint on September

3, 2024. This Notice of Removal is being filed fewer than 30 days from the ruling and service of the Second Amended Complaint.

32. None of the restrictions of § 1446(c) apply since Defendants are removing under this Court's "arising under" jurisdiction under 28 U.S.C. § 1331 and the Florida Action was commenced in February 2024, less than one year ago.

**IV.  Bases for Removal**

33. This Court has original jurisdiction under 28 U.S.C. § 1331 because the Second Amended Complaint alleges a violation of a federal statute for which there is a private, federal cause of action and, therefore, alleges a claim "arising under the Constitution, laws, or treaties of the United States."

34. Removal jurisdiction is available for "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." *Ayres v. GMC*, 234 F.3d 514, 517-518 (11th Cir. 2000); 28 U.S.C. § 1441(b).

35. A case is deemed to "arise under" federal law "where the vindication of a right under state law necessarily turns on some construction of federal law." *Id*. (citations omitted).

36. The determination of whether a claim "arises under" federal law and, therefore, whether removal jurisdiction exists, is determined by whether "in a well-pleaded complaint, Plaintiffs' cause of action contains, as an essential element, a

9

federal issue." *Id.* at 518 (citing 14B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3732).

37. In this case the Second Amended Complaint incorporates by reference the SEC's entire civil enforcement action complaint and, in particular, the allegations of securities fraud in alleged violation § 10(b) of the Exchange Act and Rule 10b-5. The Second Amended Complaint sets forth the Rule 10b-5 allegations in great detail:

> 128. The SEC alleged that on August 31, 2021, three days prior to the commencement of its IPO, DWAC filed another amended Form S-1 (the "Final Form S-1") that Orlando reviewed and signed. See Exh. 2, SEC Compl. ¶ 86. Orlando, in breach of his fiduciary duties, caused DWAC to make several representations that the SEC has alleged were materially false and misleading in the Final Form S-1 about discussions between DWAC and potential targets, including the following:
>
> To date, our efforts have been limited to organizational activities as well as activities related to this offering. We have not selected any specific business combination target and we have not, nor has anyone on our behalf, engaged in any substantive discussions, directly or indirectly, with any business combination target with respect to an initial business combination with us.
>
> 129. Orlando also caused the Final Form S-1 to contain the following statements regarding DWAC's contact with potential targets:
>
> We have not, nor has anyone on our behalf, initiated any substantive discussions, directly or indirectly, with any business combination target. From the period commencing with our formation through the date of this prospectus, there have been no communications or discussions between any of our officers, directors or our sponsor and any of their potential contacts or relationships regarding a potential initial business combination. Additionally, we have not engaged or retained any agent or other representative to identify or locate any suitable acquisition candidate, to conduct any research or take any measures, directly or indirectly, to locate or contact a target business. However, we may contact such targets subsequent to the closing of this offering if we become aware that such targets are

> interested in a potential initial business combination with us and such transaction would be attractive to our stockholders. Accordingly, there is no current basis for investors in this offering to evaluate the possible merits or risks of the target business with which we may ultimately complete our initial business combination.
>
> […] We have not contacted any of the prospective target businesses that [SPAC A and another SPAC controlled by Orlando] had considered and rejected. We do not currently intend to contact any of such targets; however, we may do so in the future if we become aware that the valuations, operations, profits or prospects of such target business, or the benefits of any potential transaction with such target business, would be attractive. See Exh. 2, SEC Compl. ¶¶ 86–89.
>
> 130. The SEC has found that these statements were false or misleading because, among other things: (a) Orlando assumed control of DWAC in May 2021 envisioning that it could be used to pursue a merger with Old TMTG; (b) Orlando told Lawyer A, Litinsky, and perhaps others during the summer of 2021 of the possibility of using DWAC to complete a merger with Old TMTG and Litinsky even noted that by April 14, 2021 he was aware of Plan B; (c) through the Consulting agreement, Lawyer A was actively soliciting investments for DWAC through ARC, for which it had a compensation structure in the spring of 2021; (d) the discussions between Benessere and Old TMTG had ceased before DWAC's IPO; and (e) Orlando had selected Old TMTG as DWAC's preferred target prior to its IPO. See Exh. 1, SEC Cease and Desist Order ¶ 39.
>
> 131. DWAC's IPO commenced on September 3, 2021 and closed on September 8, 2021. DWAC sold 28,750,000 units at a price of $10.00 per unit, generating gross proceeds of $287.5 million, which were held in trust for the benefit of shareholders until the completion of the business combination in March 2024.

SAC ¶¶ 128-31.

38. These allegations are incorporated into all but two of the twelve counts in the Second Amended Complaint. SAC at 42-57.

39. The Second Amended Complaint goes on to allege explicitly that the SEC found that, "under Orlando's leadership," DWAC violated "Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder." SAC ¶ 145.

40. In addition to incorporating the material allegations of a § 10(b) and Rule 10b-5 claim, the alleged breach of fiduciary duty counts against Orlando allege, "[i]n furtherance of the Pre-Targeting Conspiracy, Orlando falsely represented in public filings that DWAC did not intend to merge with any specific company, despite repeated and numerous communications and plans with Old TMTG representatives"—another explicit allegation of supposed § 10(b) and Rule 10b-5 violations. SAC ¶ 203, 218.

41. Likewise, an aiding and abetting breach of fiduciary duty count against ARC II both incorporates the material allegations of a § 10(b) and Rule 10b-5 claim and alleges Trump Media was supposed harmed by the alleged violations: "While serving as a Director of DWAC, Orlando made public statements that were harmful to the Company in violation of his duties…." SAC ¶ 243.

42. Trump Media has made the alleged § 10(b) and Rule 10b-5 violations essential to the alleged causes of action. Therefore, the "vindication" of Trump Media's alleged state law claims necessarily turns on whether Orlando, with ARC II's material assistance, violated § 10(b) and Rule 10b-5. *Ayres v. GMC*, 234 F.3d at 517-18.

43. Under the "well pleaded complaint" rule, therefore, Trump Media's claims "arise under" federal law, and this Court has removal jurisdiction pursuant to § 1441(b) and § 1331.

44. For all these reasons, removal is proper under 28 U.S.C. § 1441 and § 1446.

## NOTICE TO ADVERSE PARTY AND STATE COURT

45. Pursuant to 28 U.S.C. § 1446(d), ARC II and Orlando are serving written notification of the removal of this case via email on Plaintiffs' counsel:

DLA Piper LLP (US)
Chris Oprison, Esq.
Jody Stafford, Esq.
200 South Biscayne Blvd.
Suite 2500
Miami, FL 33131
Chris.Oprison@Dlapiper.Com
Jody.Stafford@Dlapiper.Com

Lawson Huck Gonzalez, PLLC
Samuel J. Salario, Jr., Esq.
Jason B. Gonzalez, Esq.
Raymond F. Treadwell, Esq.
Matthew Gutierrez, Esq.
215 S. Monroe Street
Suite 320
Tallahassee, FL 32301
samuel@lawsohuckgonzalez.com
jason@lawsonhuckgonzalez.com
ray@lawsonhuckgonzalez.com
mathew@lawsonhuckgonzalez.com

46. Pursuant to 28 U.S.C. § 1446(d), ARC II and Orlando gave notice of the filing of the original notice of removal to the Clerk of the State Court where this action was commenced.

WHEREFORE, Defendants ARC II and Orlando respectfully request that this action be removed from the Circuit Court for the 12th Judicial Circuit in and for Sarasota County, Florida to the United States District Court for the Middle District of Florida, Tampa Division.

Date: September 12, 2024

Respectfully submitted:

HOMER BONNER JACOBS ORTIZ, P.A.
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, FL 33131
Phone: +1 (305) 350-5100
Fax: +1 (305) 372-2738

By: /s/ Antonio M. Hernandez, Jr.
Kevin P. Jacobs
kjacobs@homerbonner.com
Florida Bar No. 169821
Andrew Vitali, III
avitali@homerbonner.com
Florida Bar No. 057828
Christopher J. King
Florida Bar No. 123919
cking@homerbonner.com
Antonio M. Hernandez, Jr.
Florida Bar No. 0117756
ahernandez@homerbonner.com

*Attorneys for Defendant ARC Global Investments II LLC*

VEDDER PRICE (FL), LLP
600 Brickell Avenue
Suite 1500
Miami, FL 33131
Phone: +1 (786) 741 3200
Fax: +1 (786) 741 3202

By: /s/ Adam L. Schwartz
Adam L. Schwartz
aschwartz@vedderprice.com
Florida Bar No. 103163
Andrew T. Figueroa
afigueroa@vedderprice.com
Florida Bar No. 1002745

and

Joshua D. N. Hess
DECHERT LLP
45 Fremont Street, 26th Floor
San Francisco, CA 94105
P. (415) 262 4583
joshua.hess@dechert.com
*Pro Hac Vice (motion forthcoming)*

*Attorneys for Defendant Patrick Orlando*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all counsel of record this 12th day of September, 2024 via email to:

DLA Piper LLP (US)
Chris Oprison, Esq.
Jody Stafford, Esq.
200 South Biscayne Blvd.
Suite 2500
Miami, FL 33131
Chris.Oprison@Dlapiper.Com
Jody.Stafford@Dlapiper.Com

Lawson Huck Gonzalez, PLLC
Samuel J. Salario, Jr., Esq.
Jason B. Gonzalez, Esq.
Raymond F. Treadwell, Esq.
Matthew Gutierrez, Esq.
215 S. Monroe Street
Suite 320
Tallahassee, FL 32301
samuel@lawsohuckgonzalez.com
jason@lawsonhuckgonzalez.com
ray@lawsonhuckgonzalez.com
mathew@lawsonhuckgonzalez.com

/s/ *Antonio M. Hernandez, Jr.*
Antonio M. Hernandez, Jr.
*Counsel for Defendants ARC II and Orlando*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRUMP MEDIA & TECHNOLOGY
GROUP CORP. (f/k/a Digital World
Acquisition Corp.) and TMTG SUB INC.,

       Plaintiffs,

                              Case No. _____

v.

ARC GLOBAL INVESTMENTS II LLC,
PATRICK ORLANDO, UNITED
ATLANTIC VENTURES LLC,
ANDREW LITINSKY, and
WESLEY MOSS,

       Defendants.
_____/

## CONSENT TO REMOVAL

Defendants United Atlantic Ventures LLC, Andrew Litinsky, and Wesley Moss consent to removal.

Date: September 12, 2024

                              */s/ Thomas F. Icard, Jr.*
                              THOMAS F. ICARD, JR., ESQ.
                              FL Bar No.: 162741
                              TYLER J. BROWN, ESQ.
                              FL Bar No.: 1049489
                              *Attorneys for Defendants*,
                              *United Atlantic Ventures, LLC,*
                              *Wesley Moss, and Andrew Litinsky*
                              *for the limited purpose of determining*
                              *jurisdiction over these Defendants.*